**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITES STATES | CRIMINAL ACTION NO. 5:22-00214-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| QUINTELL DEWAYNE GLADNEY (01) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is the question of whether Defendant Quintell Dewayne Gladney ("Defendant") qualifies as a career offender, thus requiring a revision to the Pre-Sentence Investigation Report ("PSR"). The Government contends Defendant should be sentenced as a career offender with an applicable guideline range of 262-237 months of imprisonment. See Record Document 51 at 1. The Government argues Defendant meets the qualifications of a career offender under U.S.S.G. § 4B1.1(a). See id. at 2–3. Defendant responds to the Government's arguments, asserting that the career offender guideline is so unreasonably capricious that its application in this case would result in a sentence that is greater than necessary to achieve Congress's sentencing goals set forth in 18 U.S.C. § 3553(a). See Record Document 54 at 1. Defendant submits that his advisory minimum sentencing range should be 60 months. See id. at 5. For the reasons set forth below, the Court finds that Defendant meets the qualifications of a career offender under U.S.S.G. § 4B1.1(a); thus, the United States Probation Office is ordered to review the PSR and make appropriate revisions in light of the instant Memorandum Order.

U.S.S.G. § 4B1.1 and § 4B1.2 provide the relevant definitions. U.S.S.G. § 4B1.1(a) defines a career offender as follows:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.2(b)(1) defines a "controlled substance offense" as:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that— (1) prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense….

U.S.S.G. § 4B1.2(c) defines the term "two prior felony convictions" as:

> (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense… and (2) the sentence for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.

Defendant meets the first requirement. He was born on March 16, 1979, so he was 41 years old when he committed the charged conduct in May of 2020. See Record Document 49 at 3–4.

Defendant meets the second requirement. His conviction in the instant case for Count 3, possession of a firearm in furtherance of a drug trafficking crime, qualifies as a drug trafficking crime. Defendant was charged with two other counts, one for possession with intent to distribute cocaine and the other for possession with intent to distribute methamphetamine. See id. at 4. The federal possession with intent to distribute statute, 21 U.S.C. § 841(a)(1), is a drug trafficking offense under the commentary listed in

2

U.S.S.G. § 2L1.2 cmt. n. 2. Since 21 U.S.C. § 841(a)(1) forms the basis underlying Count 3, to which Defendant plead guilty, Count 3 is a drug trafficking crime according to U.S.S.G. § 4B1.2 cmt. n. 1.

The third element is the most contested here because Defendant points to discrepancies within the Fifth Circuit surrounding this element. However, the Court finds Defendant meets the third element. He has two prior convictions under La. R.S. § 40:967. See id. at 10–11. These convictions are for distribution of a schedule II controlled dangerous substance, which qualify as controlled substance offenses under U.S.S.G. § 4B1.2(b). See id.

In U.S. v. Frierson, the Fifth Circuit decided whether this Court "erroneously applied U.S.S.G. § 4B1.1(a)'s career offender sentence enhancement because the Louisiana statute under which he was previously convicted, La. R.S. § 40:967, is indivisible and, thus, broader than the 'generic crime' as it is defined by federal law." 981 F. 3d 314, 315 (5th Cir. 2020). The Fifth Circuit ultimately affirmed this Court's application of the career offender sentence enhancement because La. R.S. § 40:967 "is divisible and, under the modified categorical approach, sufficiently narrow to serve as a predicate for sentence enhancement under 4B1.1(a)." Id. at 315. The court reasoned that "where a state's controlled substance statute prescribes different punishments depending on the type and quantity of drug, the type of substance is an element, and the statute is, therefore, divisible." Id. at 317. Since the statute is divisible, under the modified categorical approach, a court can view "'a limited class of documents from the record of a prior conviction to determine what crime, with what elements, a defendant was convicted of before comparing that crime's elements to those of the generic offense.'" Id. at 318

3

(quoting Mathis v. U.S., ---U.S.---, 136 S. Ct. 2243, 2245–46 (2016)). Thus, since "an offense under § 841(a) satisfies the definition of a 'controlled substance offense' as defined by U.S.S.B. § 4B1.2(b)," this Court did not err in finding the defendant's prior conviction was a valid predicate offense for career offender status. Id.

Under the law, Defendant qualifies as a career offender because he satisfies all three requirements. Therefore, the Court is justified in adjusting the sentencing calculation accordingly. Defendant's arguments are driven by policy reasons pointing to the discrepancies caused when applying the career offender statute. The Court does not find Defendant's arguments persuasive enough to overcome its finding. Defendant's most cited case, Hinkle, does not have significant influence because it interprets Texas law rather than Louisiana law. Furthermore, neither the United States Supreme Court nor Fifth Circuit have published an opinion on how to deal with these potential discrepancies.

**IT IS ORDERED** that Defendant qualifies as a career offender under U.S.S.G. § 4B1.1(a). Therefore, the United States Probation Office is ordered to review the PSR and make appropriate revisions in light of the instant Memorandum Order.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 22nd day of November, 2024.

_____
UNITED STATES DISTRICT JUDGE

4